HOE et al. v. MIEHLE PRINTING PRESS & MFG. CO.

(Circuit Court of Appeals, Second Circuit. November 7, 1906.)

No. 35.

PATENTS—INFRINGEMENT—PRINTING PRESSES.

The Read patent, No. 688,690, for improvements in bed motions for cylinder printing presses, is not for a pioneer invention, and as limited by the prior art *held* not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 141 Fed. 112.

This cause comes here upon appeal from a decree of the Circuit Court, Southern District of New York, dismissing a bill for infringement of United States letters patent No. 688,690, December 10, 1901, to complainants as assignees of George F. Read. The patent is for "certain new and useful improvements in bed-motion for cylinder printing-machines." The specification states that the "present improvements relate to that class of bed-motions more especially adapted for use in connection with bed-and-cylinder printing-machines in which the bed is driven throughout the major portion of its reciprocation by its bed-driving wheel gearing with one or the other of two driving-racks with which the bed is provided and in which the reversal of said bed at each end of its stroke is accomplished, preferably, by means of a crank connection that is caused to travel in a right line and to gradually slow down and stop the movement of the bed in one direction and to start and accelerate the same in the opposite direction." The particular mechanism which regulates the reversal of bed motion is not involved here and the invention consists, as the patentee says, "more particularly in a means for accomplishing the couple between the bed-driving wheel and bed-driving racks by sliding the rim of the bed-wheel to and from said racks, which are for the purpose set in different planes with respect to the driving-wheel." The cause is reported below in 141 Fed. 112.

J. Q. Rice and M. B. Phillipp, for appellants.
J. W. Munday and A. E. Dowell, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). The Circuit Court held that the patent was valid, but found that the defendant's device did not infringe the claims which were relied upon by the complainant. In Judge Holt's reasoning and conclusions we fully concur, and therefore do not feel it necessary to enter into any extended discussion of the case.

The complainant's counsel contends that inasmuch as defendant company has appropriated, as he insists, the several features of Read's invention it should not be held to avoid infringement, merely because it has added a new feature which may constitute an improvement on the combination of the patent; and he cites Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017, American Delinter Co. v. Am. Machinery Co., 128 Fed. 709, 63 C. C. A. 307, and similar cases. But it is not necessary to inquire whether defendant has taken the Read structure to improve or has gone for its starting point to the earlier art; nor whether, as it contends, its improvement was the essential addition which made the Read combination commercially practicable. Infringement is to be determined by a consideration of the claims, and if their language is such that, upon a fair construction of them, defendant's structure does not fall within their terms, infringement cannot be found. For a full description of the invention reference may be had to the opinion of the Circuit Court.

Suffice it to say here that in the prior art the driving wheel had been shifted from one rack to another by devices which moved not only the wheel itself, but also the shaft on which it rotated. Also in the prior art the wheel had been so arranged that it could be itself shifted on the shaft. To correct defects alleged to exist in these methods of operation, Read made his wheel in two parts of which an enlargement of the shaft or axle was one and a so-called "cogged rim" was the other; the enlarged part (central or body portion) being fixedly secured to

the shaft, and the rim part having a movement on the other part at right angles to the plane of rotation.  As shown in the drawings and described in the specification the rim rests upon the central body portion, being "splined onto the body or crank, 0, so as to rotate therewith."  It is supported solely by the body portion.  As the applicant stated to the Patent Office when prior art was cited, "The broad body of the driving wheel is made the steadying carrier for the narrow toothed rim which moves upon it."  Its ultimate support is the revolving shaft itself.  In defendant's structure the rim is not mounted upon any body portion or in any way directly or indirectly upon the shaft. A fixed circular projection from the frame of the machine constitutes the sole support on which it revolves and moves facewise; a support wholly independent of the shaft or any of its appurtenances.  The rim is revolved upon its individual support by a finger extending upward from the crank or shaft.  Whether this is or is not an improvement, it is a different structure from a machine which mounts the rim not on an entirely independent support, but on the shaft enlargement, or body portion.  That the patentee was himself impressed with the importance of mounting his rim on the enlarged shaft is apparent from the circumstances that in all the claims which are relied upon (1, 4, 5, 6, 11, and 15) he has included that feature.  Thus claim 1 covers a wheel having a rim and a body, "the rim being adapted to move longitudinally * * * on said body."  Claim 4 describes the gear as made in ring form and "slidingly mounted upon the enlargement of said shaft." Claim 5 covers a sliding ring gear and an enlargement or hub on the gear shaft, "on which enlargement the gear is splined."  Claim 6 reads:

" * * * a sliding ring-gear, an enlargement or hub on the gear shaft upon which enlargement said gear is mounted and to which it is splined."

In claim 11 we find:

"An annular or ring pinion slidably mounted on but rotating with said crank-disk, * * * and means for shifting the pinion upon the disk."

In claim 15:

"A rotatable longitudinal immovable shaft having a large hub on one end, a gear mounted on the said hub and sliding," etc.

The Circuit Court remarked that "the ordinary meaning of one thing being mounted upon another is that it is directly supported by the other," and that the patentee had no intention to "cover a rim mounted on and supported by a sleeve covering the body of the wheel." It is not necessary to construe the claims so closely as to confine them to a rim directly supported by the enlarged shaft or body portion.  It may well be that they are fairly entitled to a construction which would cover a rim indirectly mounted upon the shaft.  In ordinary speech a man is said to be mounted upon a horse, although there may be a saddle between himself and the animal's back, and, if the circular support, upon which the defendant's ring gear is mounted were itself supported by the shaft, we are not prepared to hold that infringement would not be made out.  But such is not the fact.  The circular support on which the ring gear is mounted, revolves and slides is not itself mounted upon or supported by the hub or shaft, but is a wholly independent pro-

jection from the frame of the machine. The claims cited could be made to cover such a structure only, if at all, by the extremely liberal construction which has sometimes been accorded to highly meritorious pioneer patents.

Concurring as we do in the conclusion of the Circuit Court that Read's is not a pioneer patent, we cannot expand its claims sufficiently to cover defendant's structure.

The decree of the Circuit Court is affirmed, with costs.